UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

# DOCKETING STATEMENT

| | |
|---|---|
| Appeal Number | 25-3225 |
| Case Name | Cozy Inn, Incorporated, et al v. City of Salina, Kansas |
| Party or Parties Filing Notice of Appeal Or Petition | City of Salina, Kansas |
| Appellee(s) or Respondent(s) | Cozy Inn, Incorporated and Steve Howard |
| List all prior or related appeals in this court with appropriate citation(s). | There are no prior or related appeals in this Court. |

## I. JURISDICTION OVER APPEAL OR PETITION FOR REVIEW

### A. APPEAL FROM DISTRICT COURT

1. Date final judgment or order to be reviewed was **entered** on the district court docket: November 19, 2025[1]

2. Date notice of appeal was **filed**: December 18, 2025[2]

3. State the time limit for filing the notice of appeal (cite the

[1] At a status conference on December 23, 2025, the District Court advised that it intends to enter a final judgment as a separate docket entry. As such, the Notice of Appeal may technically be premature. *Compare Hewlett-Packard Company, Inc. v. Berg*, 61 F.3d 101 (1st Cir. 1995) (a separate "final judgment" document pursuant to Fed. R. Civ. P. 58 is required for finality) with *Hudson v. Pittsylvania County, Va.,* 774 F.3d 231 (4th Cir. 2014) (a separate "final judgment" was not required for finality). The District Court has set a follow-up status conference for January 6, 2026, during which the parties expect there will be further discussion about a separate final judgment.

[2] The Notice of Appeal was filed in an abundance of caution. *See* Note 1, *supra*.

specific provision of Fed. R. App. P. 4 or other statutory authority): Fed. R. App. P. 4(a)(1)(A) and 28 U.S.C. § 1291 (30 days after entry of final decision).

**a.** Was the United States or an officer or an agency of the United States a party below? No.

**b.** Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: No.

**4.** Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

**a.** Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

None has been filed.

**b.** Has an order been entered by the district court disposing of any such motion, and, if so, when?

N/A

**5.** Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. Yes.[3]

**(If your answer to Question 5 is no, please answer the following questions in this section.)**

**a.** If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

N/A

**b.** If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)? No.

**c.** If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable? Fed. R. App. P. 4(a)(1)(A) and 28 U.S.C. § 1291. *See* Note 1, *supra*.

**6.** Cross Appeals.

[3] *See* Note 1, *supra*.

**a.** If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

N/A

**b.** If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals). N/A

**B.** **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

**1.** Date of the order to be reviewed: N/A

**2.** Date petition for review was filed: N/A

**3.** Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: N/A

**4.** Specify the time limit for filing the petition (cite specific statutory section or other authority): N/A

**C.** **APPEAL OF TAX COURT DECISION**

**1.** Date of entry of decision appealed: N/A

**2.** Date notice of appeal was filed: N/A
(If notice was filed by mail, attach proof of postmark.)

**3.** State the time limit for filing notice of appeal (cite specific statutory section or other authority): N/A

**4.** Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a). N/A

**II.** **ADDITIONAL INFORMATION IN CRIMINAL APPEALS.**

**A.** Does this appeal involve review under 18 U.S.C. ' 3742(a) or (b) of the sentence imposed? N/A

**B.** If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? N/A

**C.** Describe the sentence imposed. N/A

**D.** Was the sentence imposed after a plea of guilty? N/A

**E.** If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges? N/A

**F.** Is the defendant on probation or at liberty pending appeal? N/A

**G.** If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed? N/A

**NOTE**: In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

## III. GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.

Salina Municipal Code ("SMC") § 42-764 defines "sign" to include displays[4] that are (among other things) "used to announce, direct attention to, or advertise" and "not located inside a building" (as the term "building" is defined in SMC § 42-637). Displays that are not used to announce, direct attention to, or advertise are not signs and are therefore not regulated as signs. Such displays are commonly known as "murals," which over time have become a distinguishing feature in Downtown Salina.

Plaintiffs own and operate a restaurant that principally serves hamburgers topped with ketchup, mustard, and onions, and the restaurant is well-known for its distinctive onion aroma. Without first inquiring about or obtaining a sign permit, Plaintiffs started painting the outside (side) wall of their building with what they describe as "burger-esque flying saucers," which were accompanied by a prominent arrow (pointing to an ordering

---

[4] Throughout the litigation (and herein), the City uses the term "display" as shorthand for the following language in SMC § 42-764: "any writing (including letters, words or numerals), pictorial representation (including illustrations or decorations), emblem (including devices, symbols, or trademarks), flag, banner, streamer, pennant, string of lights, or display calculated to attract the attention of the public, or any other figure of similar character."

window and building entrance) that contained the text "Don't fear the smell, the fun is inside!!!"

City Staff became aware of the display, and after reviewing it, determined that it was a sign as the term is defined in the SMC. Having determined that the display was a sign, City Staff evaluated it under the SMC's sign regulations and found that: (1) a sign permit was required; and (2) the Plaintiffs' sign was approximately nine times too large to qualify for a sign permit. City Staff promptly advised Plaintiffs that the sign would not qualify for a sign permit as proposed.

The City understood that Plaintiffs were upset by the City's determination, and the City wanted to work with Plaintiffs to see if they could reach a code-based solution. While uncertain if this was possible, the City understood that Plaintiffs were interested in pursing this option. The City did not have any official submission from Plaintiffs regarding the sign, so it invited Plaintiffs to submit a sign permit application so that the City could review the dimensions of the proposal. Thereafter, instead of immediately denying the Plaintiffs' application, the City held it open while it tried to work with Plaintiffs on a code-based solution.

Meanwhile, Plaintiffs sued the City, contending that the definition of "sign" was unconstitutional on its face and as-applied, that holding Plaintiff's application was an impermissible prior restraint, and that the definition of "sign" was unconstitutionally vague. Since its definition of "sign" was brought into question, the City suspended its consideration a code-based solution pending resolution of the constitutional issues.

On cross-motions for summary judgment, the District Court held that "Salina imposes an unconstitutional distinction between murals and signs." The District Court further held that "[b]ecause the definition of sign is unlawful, Salina cannot make any determination as to whether a display is a mural or a sign without violating the First Amendment." The Court struck down on its face what it described as the "mural-sign distinction." Having declared the definition of "sign" unlawful on its face, the District Court did not adjudicate the Plaintiffs' as-applied First Amendment challenge.

The District Court also held that the City's decision to hold the Plaintiffs' permit application was an impermissible prior restraint, but that the definition of "sign" was not unconstitutionally vague. The District Court entered declaratory judgment but denied Plaintiffs' request for injunctive relief.

**IV. IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below. *See* 10th Cir. R. 3.4(B).**

The District Court held that it is unconstitutional for the City to differentiate between signs (which are "used to announce, direct attention to, or advertise") and murals (which

are not). That result has severe implications for a City that seeks to advance its stated purposes of avoiding sign clutter, promoting traffic safety and community aesthetics, and supporting property values City-wide while simultaneously promoting a dynamic and celebrated culture of public art (including "murals") for which the City is well-known. Consequently, at this stage of the proceedings the City anticipates the following questions on appeal:

First, whether the District Court erred in finding that the definition of "sign" violated the First Amendment on its face.

Second, whether the District Court erred in applying a heightened evidentiary standard to the City with respect to proving that the City's sign regulations were "narrowly tailored" and "actually advance" the City's governmental interests.

Third, whether the District Court erred in its application of First Amendment law to uncontested material facts regarding whether the City's sign regulations were "narrowly tailored" and "actually advance" the City's governmental interests.

Fourth, whether the District Court erred in holding that the City engaged in prior restraint by holding the Plaintiffs' permit application--rather than denying it--while the City considered legislative changes to its sign regulations, where the Plaintiffs knew, before submitting the application, that the sign permit could not be issued because the proposed sign was too large to qualify for a permit.

**V. ATTORNEY FILING DOCKETING STATEMENT:**

Name: Todd Messenger (with Lee Katherine Goldstein, and Amanda Jokerst)

Telephone: (303) 830-2400

Firm: Fairfield and Woods, P.C.

Email Address: tmessenger@fwlaw.com; lgoldstein@fwlaw.com; ajokerst@fwlaw.com

Address: Fairfield and Woods, P.C.

1801 California St., Ste. 2600

Denver, CO 80202

*/s/ Todd Messenger* January 5, 2026

Signature Date

**NOTE:** The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF can be found on the court's website, www.ca10.uscourts.gov.

The Docketing Statement must be accompanied by proof of service. The following Certificate of Service may be used.

**CERTIFICATE OF SERVICE**

I, Todd Messenger, hereby certify that on
[attorney for appellant/petitioner]

January 5, 2026, I served a copy of the foregoing **Docketing Statement**, to:
[date]

Samuel MacRoberts and Jeffrey Shaw, at Kansas Justice Institute, 12980 Metcalf Ave.,
[counsel for/or appellee/respondent]

Ste. 130, Overland Park, KS 66213, email addresses Sam@KansasJusticeInstitute.org

and Jeff@KansasJusticeInstitute.org, the last known address/email address, by

email.
[state method of service]

*/s/ Todd Messenger*
Signature

January 5, 2026
Date

Todd Messenger
Fairfield and Woods, P.C.
1801 California St., Ste. 2600
Denver, CO 80202
tmessenger@fwlaw.com

Full name and address of attorney