**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 7, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

COZY INN, INCORPORATED, d/b/a The Cozy Inn, et al.,

Plaintiffs - Appellees,

v.

CITY OF SALINA, KANSAS,

Defendant - Appellant.

No. 25-3225
(D.C. No. 6:24-CV-01027-TC)
(D. Kan.)

---

**ORDER**

---

This matter is before the court on review the appellant's docketing statement. As the appellant observed, the district court has not entered a final judgment pursuant to Federal Rule of Civil Procedure 58 to signal the end of the proceedings below. The appellant indicates in the docketing statement that the district court may still enter judgment, but as of the date this order was entered, had not done so.

It appears that the district court may have resolved all of the plaintiff's claims. Nevertheless, the current procedural posture below gives us pause about whether the district court case is final for purposes of 28 U.S.C. § 1291.

Therefore, in an abundance of caution, we now abate this appeal. The appellant shall select one of the following actions while the appeal is abated:

1. Within three days after the district court enters a Rule 58 judgment or enters any order that addresses whether the proceedings on the merits of the case have

concluded, the appellant shall file a status report to advise this court about the entry of the relevant order or judgment; OR

2. If the district court will not enter a judgment or otherwise address the finality of the proceedings on the merits (note: attorneys' fees are a separate matter), then on or before January 21, 2026, the appellant shall file a jurisdictional memorandum brief addressing whether the proceedings on the merits of the case below are final for purposes of 28 U.S.C. § 1291 even without the entry of judgment. Procedural requirements for memorandum briefs on potentially dispositive issues raised by the court can be found at Tenth Circuit Rule 27.3(B).

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk