No. 25-3225

**IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT**

Cozy Inn, Incorporated, d/b/a/ The Cozy Inn, et al.,

*Plaintiffs – Appellees*,

v.

City of Salina, Kansas,

*Defendant – Appellant*.

On Appeal from the United States District Court
for the District of Kansas
The Honorable Toby Crouse, District Judge
No. 6:24-cv-01027-TC

**MOTION FOR LEAVE TO FILE BRIEF OF
PACIFIC LEGAL FOUNDATION AS AMICUS CURIAE
IN SUPPORT OF PLAINTIFFS-APPELLEES**

JEREMY TALCOTT
AMY L. PEIKOFF
PACIFIC LEGAL FOUNDATION
555 Capitol Mall, Suite 1290

Telephone: (916) 419-7111
JTalcott@pacificlegal.org
APeikoff@pacificlegal.org

*Counsel for Amicus Curiae
Pacific Legal Foundation*

## PRELIMINARY STATEMENT

Pacific Legal Foundation (PLF) respectfully moves for leave to file the attached brief as amicus curiae in support of Plaintiffs-Appellees.

PLF is a nonprofit public interest legal organization that litigates nationwide in defense of individual liberty and constitutional limits on government power. PLF has a particular and longstanding institutional interest in the First Amendment rights of business and property owners, including the freedom to engage in expressive activity free from content- and speaker-based government restrictions. PLF attorney Deborah J. La Fetra has published on the commercial speech doctrine, which is directly relevant to the issues presented in this appeal. *See* Deborah J. La Fetra, *Kick It Up a Notch: First Amendment Protection for Commercial Speech*, 54 Case W. Res. L. Rev. 1205 (2004). PLF has also directly represented clients in cases involving expressive uses of private property. *See, e.g.*, *Nemhauser v. City of Mount Dora*, No. 5:18-cv-87-JSM-PRL (M.D. Fla. Feb. 21, 2018), https://pacificlegal.org/wp-content/uploads/pdf/nemhauser-v-city-of-mount-dora/Nemhauser-Order-Granting-TRO.pdf (order granting temporary restraining order against city enforcing sign code against "Starry Night" mural painted on

plaintiff's home; settlement with city followed); *Seider v. City of Malibu*, No. 2:20-cv-08781-SPG-MRW, 2023 WL 6192715, at *7 (C.D. Cal. May 2, 2023) (denying motion to dismiss on a pre-enforcement First Amendment claim involving a permit for a desired sign on private property).

## 10TH CIR. R. 27.1 STATEMENT

Counsel for Plaintiffs-Appellees has consented to this filing. Counsel for Defendant-Appellant has declined to consent.

## FED. R. APP. P. 29(a)(3) STATEMENT

This appeal presents a question that transcends the facts of this case: whether a municipality may distinguish, for a purported aesthetic purpose, between murals with commercial subject matter and murals without, and impose permitting requirements and dimensional limits only on the former. The answer to that question will affect sign codes and mural ordinances throughout this Circuit and beyond.

PLF's brief addresses more fully than do the parties' briefs three matters that this Court will find useful in resolving the appeal. First, PLF examines the academic framework for evaluating aesthetic regulations, drawing on scholarship that identifies recurring conceptual errors—the sensory, formalistic, and semantic fallacies—that explain

why subject-matter tests for aesthetic regulation are constitutionally unworkable. Second, PLF traces the origins of the commercial/non-commercial speech distinction, which was created without constitutional basis in 1942 and the post-hoc justifications for which have never survived scholarly or judicial scrutiny. PLF explains why that distinction is particularly unsuited to a regime that purports to serve aesthetic interests. Third, drawing on the above, PLF addresses the proper standard of scrutiny, explaining why the trajectory of Supreme Court doctrine—from *Central Hudson* through *Sorrell* and *Reed*—forecloses the degree of deference Defendant-Appellant asks this Court to extend.

This Court's resolution of these questions will provide guidance to municipalities, property owners, and artists across the Circuit. PLF respectfully submits that its brief will assist the Court in reaching a decision grounded in First Amendment principle.

For these reasons, PLF respectfully requests that the Court grant leave to file the accompanying brief as amicus curiae.

DATED: April 1, 2026.

Respectfully submitted,

s/Jeremy Talcott

JEREMY TALCOTT
AMY L. PEIKOFF
PACIFIC LEGAL FOUNDATION
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
JTalcott@pacificlegal.org
APeikoff@pacificlegal.org

*Counsel for Amicus Curiae Pacific Legal Foundation*

## CERTIFICATE OF COMPLIANCE

I certify this motion complies with the type-volume limitation of Fed. R. App. P. 27 because it contains 498 words.

I further certify that this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Century Schoolbook font.

s/ Jeremy Talcott
JEREMY TALCOTT

## CERTIFICATE OF SERVICE

I certify that on April 1, 2026, I electronically filed this motion with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

s/ Jeremy Talcott
JEREMY TALCOTT

## CERTIFICATE OF ELECTRONIC SUBMISSION

I certify that: all required privacy redactions have been made under Tenth Circuit Rule 25.5; if required to file additional hard copies, that the CM/ECF submission is an exact copy of these documents; and the digital submissions have been scanned for viruses by CrowdStrike Falcon Sensor, and according to the program, they are free of viruses.

s/ Jeremy Talcott
JEREMY TALCOTT