No. 25-3225

**IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT**

COZY INN, INC., *et al.*,

*Plaintiffs-Appellees*,

v.

CITY OF SALINA, KANSAS,

*Defendant-Appellant*.

On Appeal from the United States District Court for the District of Kansas, No. 6:24-cv-01027 (Crouse, J.)

# MOTION OF NATIONAL FEDERATION OF INDEPENDENT BUSINESS, INC. FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS-APPELLEES

J. Michael Connolly
Paul R. Draper
CONSOVOY MCCARTHY PLLC
ANTONIN SCALIA LAW SCHOOL
FREE SPEECH CLINIC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
mike@consovoymccarthy.com
paul@consovoymccarthy.com

March 31, 2026

*Counsel for NFIB*

## MOTION FOR LEAVE TO FILE AMICUS BRIEF

Under Federal Rule of Appellate Procedure 29(a), the National Federation of Independent Business, Inc. (NFIB) moves for leave to file an amicus brief in support of Plaintiffs-Appellees. The proposed brief accompanies this motion. Per 10th Circuit Rule 29.2, NFIB contacted all parties on March 10, 2026, to request consent to file its amicus brief. Plaintiffs-Appellees consented. Counsel for Defendant-Appellant stated that Defendant-Appellant "does not consent" and "will review the motion [for leave] and evaluate whether the City will oppose it at that time."

The Court should grant NFIB's motion because NFIB and its members (small business owners across the country) have an interest in the outcome of this litigation. And NFIB's brief, which explains why murals and other expressive artwork created by small businesses are protected by the First Amendment and highlights the heavy burden that regulations like Salina's sign code impose on small businesses, will assist the Court in resolving the First Amendment questions in this case.

### I. NFIB and its members have an interest in the outcome of this case.

NFIB is the nation's leading small business advocacy organization, representing hundreds of thousands of small and independent businesses across the United States. Founded in 1943, NFIB's mission is to promote and protect the right of its members to own, operate, and grow their businesses. NFIB represents the interests of its members in Washington, D.C., and all 50 state capitals. NFIB regularly participates as amicus curiae in cases of importance to small businesses, including cases involving the

constitutional limits on government regulation of business activity and cases involving the speech rights of small business owners. *See, e.g.*, *NFIB Files Briefs in Critical Small Business Cases*, NFIB (updated Feb. 4, 2026), perma.cc/G989-BG4G; *NFIB Urges U.S. Court of Appeals to Uphold First Amendment Rights of Small Business Owners*, NFIB (Mar. 19, 2025), perma.cc/ES9R-VDET.

This case directly implicates NFIB's mission, and its outcome will have consequences for NFIB's members both in the Tenth Circuit and in other jurisdictions. NFIB's members operate in virtually every industry and in communities of every size, and their community involvement "goes much deeper than just being the economic engine of [their] city or town." *Report Details the Deep Community Involvement of Small Businesses*, NFIB (Nov. 21, 2024), perma.cc/EP7C-Z6JM. For many businesses, their stores aren't just a place to sell and buy; they are places to gather and forums for expression. Indeed, small businesses often communicate through visual displays on or near their buildings, including murals and other forms of public-facing artwork. These murals celebrate local history, boost property values, improve public safety, contribute to a town's aesthetic character, and attract new customers. *See* NFIB Br. at 4-9.

Regulations like Salina's sign code—which selectively prohibits such expression depending on who creates a mural (e.g., a local business) or what the mural depicts (e.g., a business's product)—implicate the First Amendment rights of small business owners, including NFIB's members, across the country. As the district court found, the city's regulation is a "content-based restriction on expression" and the city has not articulated

a significant interest that justifies treating speech by certain businesses less favorably than similar speech by other entities. Order (D. Kan. Dkt. 136) at 21, 24.

## II. NFIB's brief will assist the Court in resolving this case.

"[A]n amicus who makes a strong but responsible presentation in support of a party can truly serve as the court's friend." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 131 (3d Cir. 2002). Rule 29's criteria are "broadly interpreted," *id.* at 133, and this court has "granted motions for leave to file amicus briefs" when "the brief provides the court with useful information, and the 'briefing is relevant to the disposition of the case,'" *Lieberenz v. Wilson*, 2024 WL 2952150, at *5 n.6 (10th Cir. June 12, 2024). Indeed, "'most courts of appeals freely grant leave to file'" even "'when the other side refuses to consent.'" *Neonatology Assocs.*, 293 F.3d at 133.

NFIB's amicus brief will assist the Court in resolving the First Amendment issues presented by this case. NFIB has expertise with First Amendment cases, particularly in the small business context and in cases involving speech through signs, advertisements, and other visual mediums. *See, e.g.*, *NFIB Small Business Legal Center Case Index, 2020-2024*, NFIB (archived Mar. 29, 2026), perma.cc/VB6C-Z2PK (cataloguing NFIB's litigation efforts); *Texas Top Cop Shop v. Garland*, 4:24-CV-478 (E.D. Tex. May 28, 2024) (challenging compelled speech components of Corporate Transparency Act); *NFIB v. Ellison*, 0:24-cv-536 (D. Minn. Feb. 20, 2024) (challenging law restricting employers' First Amendment right to speak to employees about political matters); Amicus Br. in *Contest Promotions v. San Francisco*, No. 17-1152 (U.S. Mar. 14, 2018) (explaining why a

distinction between "off-premises commercial sign[s]" and "off-premises non-commercial sign[s]" was not constitutionally tenable).

Here, NFIB's brief will assist the Court by explaining why murals and other visual artwork created by small businesses are a form of expression protected by the First Amendment and why such expression does not lose constitutional protection just because it is commercially adjacent. The brief will also catalogue the many benefits of business-created murals like increased foot traffic, higher property values, and neighborhood beautification. And it will highlight the disproportionate burden that small business owners face when forced to navigate vague and discretionary regulatory schemes like Salina's sign code. *See Neonatology Assocs.*, 293 F.3d at 132 (commending amicus briefs that "'explain the impact a potential holding might have on an industry or other group'").

## CONCLUSION

NFIB respectfully requests that this Court grant it leave to file an amicus brief.

Dated: March 31, 2026

Respectfully submitted,

*/s/ J. Michael Connolly*
J. Michael Connolly
Paul R. Draper
CONSOVOY MCCARTHY PLLC
ANTONIN SCALIA LAW SCHOOL
FREE SPEECH CLINIC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
mike@consovoymccarthy.com
paul@consovoymccarthy.com

*Counsel for NFIB*

## CERTIFICATE OF COMPLIANCE

This motion complies with the length limitations of FRAP 27(d)(2) because it contains 925 words. This motion also complies with the typeface and typestyle requirements of FRAP 27(d)(1)(E) because it has been prepared in a proportionally spaced face using 14-point Garamond font.

## CERTIFICATE OF SERVICE

On March 31, 2026, I e-filed this brief with the Court, which will email everyone requiring notice.

Dated: March 31, 2026

*/s/ J. Michael Connolly*
Counsel for NFIB