No. 25-3225

**UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT**

COZY INN, INCORPORATED,
d/b/a The Cozy Inn, *et al.*,

*Plaintiffs-Appellees*,

v.

CITY OF SALINA, KANSAS,

*Defendant-Appellant*.

On Appeal from the United States District Court
for the District of Kansas
Case No. 6:24-cv-01027-TC

# MOTION BY ALLIANCE DEFENDING FREEDOM FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFFS-APPELLEES

JOHN J. BURSCH
ALLIANCE DEFENDING FREEDOM
440 First Street NW
Suite 600
Washington, DC 20001
(202) 393-8690
jbursch@ADFlegal.org

JAMES A. CAMPBELL
CHRISTINE N. MARSDEN
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, Virginia 20176
(571) 707-4655
jcampbell@ADFlegal.org
cmarsden@adflegal.org

*Attorneys for Amicus Curiae*

## CORPORATE DISCLOSURE STATEMENT

Under Fed. R. App. P. 26.1 and 10th Cir. R. 26.1, *Amicus Curiae* Alliance Defending Freedom, states that it has no parent corporation and that it does not issue stock.

Dated: April 1, 2026

Respectfully submitted,

*/s/ Christine N. Marsden*
CHRISTINE N. MARSDEN

*Attorney for Amicus Curiae*

Pursuant to Federal Rule of Appellate Procedure 29(a), Alliance Defending Freedom (ADF) respectfully moves this Court for leave to file the accompanying amicus curiae brief in the above-captioned matter in support of plaintiffs-appellees and affirmance. Counsel for defendant-appellant has refused to grant consent for ADF to file this brief. ADF therefore seeks leave from this Court.

**Identification of *amicus curiae***

ADF is a public-interest law firm dedicated to defending religious freedom, free speech, the sanctity of life, parental rights, and marriage and family. ADF regularly defends individuals and organizations in cases before this Court and the Supreme Court involving the right to free speech. *E.g.*, *Chiles v. Salazar*, No. 24–539 (U.S. Mar. 31, 2026); *303 Creative LLC v. Elenis*, 600 U.S. 570 (2023); *Uzuegbunam v. Preczewski*, 592 U.S. 279 (2021); *Ass'n of Christian Schs. Int'l v. Azar*, No. 14-1492, 2018 WL 11421366 (10th Cir. Dec. 12, 2018). ADF's free-speech advocacy includes protecting individuals and organizations from content-based, discriminatory laws that burden the exercise of First Amendment rights, such as ADF's representation of Petitioners in *Reed v. Town of Gilbert*, 576 U.S. 155 (2015).

**Interest of *amicus curiae***

As part of its mission, ADF advocates for the right of every person to live and speak freely. Content-based restrictions on speech erode vital First Amendment protections. ADF served as counsel in *Reed v. Town of*

*Gilbert*, 576 U.S. 155 (2015), which held that a town's sign code determining the degree of regulation based on a sign's content violated the First Amendment. ADF clients like Pastor Clyde Reed and Good News Community Church know well how a content-based law can unjustly harm protected speech, even if it doesn't target a particular viewpoint.

In the wake of *City of Austin v. Reagan National Advertising*, 596 U.S. 61 (2022), it is vital for courts to clarify that regulations that discriminate against particular messages are subject to strict scrutiny. *Reed*, 576 U.S. at 159. Although *Austin*'s policy of restricting off-premises signs differently than on-premises signs was a "neutral, location based" rule, Defendant wrongly attempts here to equate its content-based sign policy with the content-neutral sign code at issue in *Austin*. *Austin*, 596 U.S. at 69; Appellant Br. 24.

ADF has an interest in ensuring that state and local governments do not and cannot regulate speech based on its content. Laws that burden speech based on its content are uniquely harmful because they target ideas, rather than actions. Even when a law is viewpoint-neutral, content-based distinctions suppress free speech by identifying certain topics as off limits, cutting off even healthy debate and discussion. *See Reed*, 576 U.S. at 171. ADF therefore has a strong interest in presenting an important analysis of why Defendant's policy is content-based and how content-based laws harm free speech and violate *Reed*.

## Desirability and relevance of *amicus curiae's* brief

"Since an *amicus* does not represent the parties but participates only for the benefit of the court, it is solely within the discretion of the court to determine the fact, extent, and manner of [its] participation." *Newark Branch, NAACP v. Town of Harrison*, 940 F.2d 792, 808 (3d Cir. 1991) (citation modified). But "Rule 29's criteria [are] broadly interpreted." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.). "[M]ost courts of appeals freely grant leave to file" even "when the other side refuses to consent." *Id.* That is because courts are "usually delighted to hear additional arguments from able amici that will help the court toward right answers." *Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n*, 197 F.3d 560, 567 (1st Cir. 1999). This is particularly true when an amicus provides "information on matters of law about which there [is] doubt, especially in matters of public interest." *United States v. Michigan*, 940 F.2d 143, 164 (6th Cir. 1991).

ADF is an able *amicus* well-suited to help this Court toward right answers in a case touching on sensitive First Amendment freedoms. ADF represents clients with on-the-ground experience with policies and laws that unconstitutionally discriminate against speakers and messages on the basis of content. These clients come from across the country, showing the pervasiveness of content-based policies and laws like the one at issue here. ADF would provide the Court with information about how content-based restrictions violate the fundamental right of free expression.

ADF would use its expertise in First Amendment law to demonstrate to this Court that the district court correctly held that Salina's policy is unconstitutional. However, the district stopped short of reaching whether strict scrutiny applies to Salina's mural-sign distinction. Since content-based laws are subject to strict scrutiny, ADF would explain why the district court's limited ruling does not do enough to clarify when a law is subject to strict scrutiny, especially in light of *City of Austin v. Reagan National Advertising*, 596 U.S. 61 (2022).

Although Salina's mural-sign distinction is unconstitutional under any level of scrutiny, *Reed* makes clear that the proper level of analysis here is strict scrutiny. After establishing Salina's mural-sign distinction is content-based, the application of strict scrutiny is both necessary and straightforward. By filing this brief, ADF highlights the way Salina's application of its sign code in this case commits the same constitutional error that the Supreme Court identified in *Reed* and violates the free speech rights of its citizens by regulating speech based on content.

## CONCLUSION

ADF's strong interest in this case, its expertise in how the First Amendment applies to sign codes, and its concise explanation of the shortcomings in the district court's application of *Reed* justify filing an amicus curiae brief in this case. ADF respectfully requests that this Court grant its motion under Federal Rule of Appellate Procedure 29(a).

Respectfully submitted this 1st day of April, 2026.

*/s/ Christine N. Marsden*

JAMES A. CAMPBELL
CHRISTINE N. MARSDEN
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, Virginia 20176
(571) 707-4655
jcampbell@ADFlegal.org
cmarsden@adflegal.org

JOHN J. BURSCH
ALLIANCE DEFENDING FREEDOM
440 First Street NW
Suite 600
Washington, DC 20001
(202) 393-8690
jbursch@ADFlegal.org

*Attorneys for Amicus Curiae*

## CERTIFICATE OF COMPLIANCE

This motion complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because this motion contains 942 words excluding parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and 6th Circuit Rule 32(b).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in Word 365 using a proportionally spaced typeface, 14-point Century Schoolbook.

Dated: April 1, 2026

*/s/ Christine N. Marsden*
CHRISTINE MARSDEN
*Attorney for Amicus Curiae*

## CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing:

(1) all required privacy redactions have been made per 10th Cir. R. 25.5;

(2) if required to file additional hard copies, that the ECF submission is an exact copy of those documents;

(3) the digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program, Cortex XDR, Agent version 7.8.1, and according to the program are free of viruses.

Dated: April 1, 2026

*/s/ Christine N. Marsden*
CHRISTINE N. MARSDEN
*Attorney for Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2026, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Christine N. Marsden*
CHRISTINE N. MARSDEN
*Attorney for Amicus Curiae*