**Case No. 25-3225**

---

**UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT**

---

COZY INN, INCORPORATED, D/B/A THE COZY INN, et al.

Plaintiffs-Appellees,

v.

CITY OF SALINA, KANSAS.

Defendant-Appellant.

---

Appeal from the United States District Court for the District of Kansas
Case No. 6:24-cv-01027-TC, Hon. Toby Crouse, presiding

---

# MOTION FOR LEAVE TO FILE BRIEF AMICI CURIAE OF GOLDWATER INSTITUTE AND MANHATTAN INSTITUTE IN SUPPORT OF APPELLEES AND REVERSAL

---

Ilya Shapiro
Trevor Burrus
MANHATTAN INSTITUTE
52 Vanderbilt Ave.
New York, NY 10017
(212) 599-7000
ishapiro@manhattan.institute.org

Timothy Sandefur
Scharf-Norton Center for
Constitutional Litigation at the
GOLDWATER INSTITUTE
500 E. Coronado Rd.
Phoenix, Arizona 85004
(602) 462-5000
litigation@goldwaterinstitute.org

*Attorneys for Amici Curiae*

Pursuant to Fed. R. App. P. 29(a)(3), the Goldwater Institute ("GI") and Manhattan Institute ("MI") respectfully move for leave to file the accompanying brief as amici curiae in support of Plaintiffs-Appellees and in support of Reversal. Plaintiffs-Appellees have consented, but counsel for Defendants-Appellants declined to consent, necessitating the filing of this motion.

**IDENTITY AND INTEREST OF AMICI**

The Goldwater Institute ("GI") was established in 1988 as a nonpartisan public policy foundation dedicated to the principles of limited government, economic freedom, private property rights, and individual responsibility through research, public policy briefings, and litigation, which is conducted through its Scharf-Norton Center for Constitutional Litigation. Among GI's priorities is the defense of the right of businesses to engage in free speech. GI regularly appears in federal and state court, either representing parties,[1] or as amicus curiae[2] in cases across the country defending this increasingly important aspect of the First Amendment. GI also appears frequently before this Court in defense of free

---

[1] *See, e.g., Leibundguth Storage & Van Serv., Inc. v. Vill. of Downers Grove,* 939 F.3d 859, 860 (7th Cir. 2019); *Coleman v. City of Mesa,* 284 P.3d 863 (Ariz. 2012); *Korwin v. Cotton*, 323 P.3d 1200 (Ariz. App. 2014).

[2] *See, e.g., McLemore v. Gumucio,* 149 F.4th 859 (6th Cir. 2025); *Yim v. Seattle,* 451 P.3d 675 (Wash. 2019); *Am. Beverage Ass'n v. Paxton*, No. 6:25-CV-00566-ADA-DTG, 2026 WL 395513 (W.D. Tex. Feb. 11, 2026).

speech.[3] And GI scholars have published extensive scholarship on the free speech rights of businesses. *See, e.g.,* Christina Sandefur, *Turning Entrepreneurs into Outlaws*, 43 Harv. J.L. & Pub. Pol'y 45 (2020); Timothy Sandefur, *Rebuilding the Fourteenth Amendment: The Prospects and the Pitfalls*, 12 NYU J.L. & Liberty 278 (2019); Timothy Sandefur, *The Permission Society* 84-103 (2016).

MI is a nonprofit public policy research foundation whose mission is to develop and disseminate new ideas that foster greater economic choice, individual responsibility, and human flourishing. MI has long produced scholarship and filed briefs supporting a robust First Amendment. *See, e.g., O'Connor-Ratcliff v. Garnier*, 601 U.S. 205 (2024); *Speech First, Inc. v. Shrum*, 92 F.4th 947 (10th Cir. 2024); *Kansas v. U.S. Dep't of Educ.*, No. 24-3097, 2025 WL 1914861 (10th Cir. Mar. 13, 2025).

## THE COURT SHOULD GRANT THE MOTION TO APPEAR AS AMICI CURIAE

"An amicus brief should normally be allowed … when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997); *cf. New Mexico Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, 994 F.3d 1166,

[3] *See, e.g., Rio Grande Found. v. City of Santa Fe,* 7 F.4th 956 (10th Cir. 2021); *Schell v. Chief J. & JJ. of Okla. Sup. Ct.,* 11 F.4th 1178 (10th Cir. 2021).

1175-76 (10th Cir. 2021) (amici can offer helpful jurisprudential or factual arguments); *Moffat Tunnel Improvement Dist. v. Denver & S.L. Ry. Co.*, 45 F.2d 715, 722 (10th Cir. 1930) (same). Given amici's expertise in and familiarity with the free speech rights of businesses, amici believes their legal and public policy experience will assist this Court in considering this appeal.

The proposed brief addresses the Salina ordinance's discrimination against speech *from a commercial motive*, and the way in which that discrimination triggers strict scrutiny. The brief also compares Cozy Inn's mural with other murals in both Salina and other Kansas locations, to explore whether it is constitutional for Salina to allow murals that "draw attention to" some things, but not murals that "draw attention to" other things.

No party will be prejudiced by the grant of this motion, as the brief complies with all applicable rules, and is timely filed, so that Defendant/Appellants will have adequate time to respond to it if they so choose.

No counsel for any party authored the proposed amici brief in whole or in part and no person or entity, other than the amici, their members, or counsel, made a monetary contribution to the preparation or submission of this brief.

**RESPECTFULLY SUBMITTED** this 1st day of April 2026 by:

Ilya Shapiro
Trevor Burrus
MANHATTAN INSTITUTE
52 Vanderbilt Ave.
New York, NY 10017
(212) 599-7000
ishapiro@manhattan.institute.org

/s/ *Timothy Sandefur*
Timothy Sandefur
Scharf-Norton Center for
Constitutional Litigation at the
GOLDWATER INSTITUTE
500 E. Coronado Rd.
Phoenix, Arizona 85004
(602) 462-5000
litigation@goldwaterinstitute.org

*Attorneys for Amici Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of April 2026, the foregoing motion was filed and served on all counsel of record via the ECF system.

/s/ *Timothy Sandefur*
Timothy Sandefur