**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **Cozy Inn, Incorporated,**<br>**d/b/a The Cozy Inn; Stephen Howard,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**City of Salina, Kansas,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL ACTION**<br>**CASE NO. 6:24-cv-01027-TC-ADM** |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant, City of Salina, Kansas ("City"), respectfully requests that Plaintiffs' Verified Amended Complaint for Declaratory Judgment and Injunctive Relief ("Complaint") be dismissed pursuant to F.R.C.P. 12(b)(1) and 12(b)(6), and in support thereof states as follows:

## I. NATURE OF THE CASE

This First Amendment Action arises from Plaintiffs' desire to construct a wall sign that is about nine times the allowable size. K.S.A. § 12-101 empowers the City to regulate its local affairs, and like "tens of thousands" of other jurisdictions across the United States, the City regulates signs. *Austin v. Reagan Nat'l Advert. of Austin, LLC*, 596 U.S. 61, 66 (2022). The City has regulated signs for about 58 years, and its regulations are currently codified at Salina Code of Ordinances ("Salina Code"), Chapter 42, Article X ("Sign Code"). The City has also adopted a design review process for new construction, building alterations, demolition, and exterior aesthetic changes to buildings in its downtown Business Improvement District No. 1 ("BID"). That process is codified at Chapter 2, Article X, Salina Code ("BID Code"). When it applies, BID Code review is integrated into other permit review procedures. A Design Review Board conducts BID Code reviews. BID Code § 2-208.

**EXHIBIT 37**

The Sign Code and the definition of "sign" that is the central issue of this case are content-neutral on their face and as-applied. Despite the Complaint's allegations to the contrary, not all displays (including the "murals" that are shown for comparative purposes) are signs. To this end, the Complaint misconstrues the Sign Code. Consequently, its claims are constructed upon logical fallacies. Specifically, displays (writing, graphics, etc.) located outside of a building that "attract attention of the public" in order to "announce, direct attention to, or advertise" are defined as "signs" that are regulated by the Sign Code. Sign Code § 42-764(2)[1]. Such displays (including Plaintiffs' display) require sign permits. Displays that do not meet the content neutral criteria of this definition are, by definition, not signs.

The Sign Code easily passes First Amendment scrutiny. Plaintiffs' display is obviously a "sign," and the City appropriately applied the content neutral size restrictions of the Sign Code to it. Since a sign permit plainly could not be issued for Plaintiffs' sign, there was no need for additional review for a Certificate of Compatibility ("COC"). As such, the Complaint and its attached Exhibits[2] fail to state plausible claims regarding First Amendment violations (Claim One) and vagueness (Claim Two). It follows that this Court should dismiss the Complaint.

## II. STATEMENT OF FACTS

The face of the Sign Code and BID Code neither regulate based on the topic discussed or the idea or message expressed, nor target speech based on its communicative content. Compl. at ¶¶ 36, 41, 60 (BID Code §§ 2-207, 2-208; Sign Code §§ 42-764, 42-781). To be a sign, a display must, *inter alia*, be "used to announce, direct attention to, or advertise." *Id.* at ¶ 36. Plaintiffs' display is a sign as defined by the Sign Code. *Id.* at ¶¶ 27-28, 36. Signs are subject to size limits

[1] Complaint Ex. B contains the Sign Code and BID Code excerpts and will be cited herein as "Sign Code" or "BID Code" as appropriate, unless otherwise noted.
[2] All citations to "Ex." refer to the Complaint's exhibits, which are lettered A, B, C, and D.