**Case No. 25-3225**

---

**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**

---

COZY INN, INCORPORATED, D/B/A THE COZY INN, et al.

Plaintiffs-Appellees,

v.

CITY OF SALINA, KANSAS.

Defendant-Appellant.

---

Appeal from the United States District Court for the District of Kansas
Case No. 6:24-cv-01027-TC, Hon. Toby Crouse, presiding

---

# REPLY OF AMICI GOLDWATER INSTITUTE AND MANHATTAN INSTITUTE IN SUPPORT OF MOTION FOR LEAVE TO FILE AMICI CURIA BRIEF

---

Ilya Shapiro
Trevor Burrus
MANHATTAN INSTITUTE
52 Vanderbilt Ave.
New York, NY 10017
(212) 599-7000
ishapiro@manhattan.institute.org

Timothy Sandefur
Scharf-Norton Center for
Constitutional Litigation at the
GOLDWATER INSTITUTE
500 E. Coronado Rd.
Phoenix, Arizona 85004
(602) 462-5000
litigation@goldwaterinstitute.org

*Attorneys for Amici Curiae*

Amici "perform a valuable role for the judiciary" because they can "broaden[] [the court's] perspective on the issues raised by the parties" and "enrich[] the judicial decisionmaking process." *Connerly v. State Pers. Bd.*, 37 Cal.4th 1169, 1177 (2006) (citation omitted). Participation by amici "promotes sound decision making" by ensuring "strong (but fair) advocacy on behalf of opposing views." *Neonatology Assoc., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 131 (3d Cir. 2002).[1]

An amicus need not show it's impartial, or that the parties are inadequately represented, because "an amicus who makes a strong but responsible presentation *in support of a party* can truly serve as the court's friend," and "requiring a prospective amicus to undertake the distasteful task of showing that the attorney for the party that the amicus wishes to support is incompetent is likely to discourage amici in instances in which … an amicus submission would be valuable to the court." *Id.* at 131–32 (emphasis added).

Goldwater Institute and Manhattan Institute's experience and expertise regarding freedom of speech and the expressive rights of businesses enriches the decision-making process here by providing extensive scholarship and broader

[1] The City cites *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997), as setting forth a "test" for amicus briefs. This Court has never adopted *Ryan's* crabbed notion of amici, and that decision has been widely criticized, most notably in *Neonatology Assoc.*

policy perspectives, which help explain why the District Court's ruling was correct. Specifically, the City allows murals but not "signs," even though the distinction between those two is unconstitutionally based on commercial motive. *See Sorrell v. IMS Health Inc.*, 564 U.S. 552, 567 (2011) (discrimination against speech motivated by commercial motive is unconstitutional).

The proposed amici brief uses plentiful examples from Salina itself, which has an annual mural festival and celebrates the murals found throughout the city—but which bars the Plaintiffs' mural solely because it is created with an economic motive. This is an important additional perspective on the speech rights at issue here because the District Court (correctly) declared Salina's actions unconstitutional on a different, though related, ground. By demonstrating that the City's actions violate the Constitution in another way, the proposed brief helps this Court see just why affirmance is proper here. Obviously these considerations are all "relevant to the disposition of the case." *Rio Grande Found. v. Oliver*, 154 F.4th 1213, 1230 n.12 (10th Cir. 2025) (citation omitted).

The City's opposition is meritless and self-contradictory. First, it objects that the amici are not "unbiased," and have a "similar mission" to the attorneys for the Plaintiffs. City Resp. at 10, 6. This is not a legitimate ground for objection. An amicus is not required to be impartial; indeed, impartiality is a "virtually impossible" standard to meet, and such a requirement "flies in the face of current

appellate practice." *Neonatology Assocs.*, 293 F.3d at 131. Even *United States v. Michigan*, 940 F.2d 143, 164-65 (6th Cir. 1991), which the City cites, recognized that the idea of an "impartial" amicus—in the sense the City means—was "[h]istorically" true but has now been "departed" from.[2]

It is true that the Goldwater Institute and Kansas Justice Institute are members of a network of independent organizations called the State Policy Network (SPN). SPN is a league of autonomous organizations, and are not in any way responsible for each others' work. Goldwater Institute's and Manhattan Institute's amicus briefs are not "highly orchestrated," or, indeed, orchestrated at all. City Resp. at 8. **Amici did not coordinate with counsel for Appellants in any way regarding the content of the brief.**

Similarly, the City complains that amici are "lobbying" the Court, *id.* at 7 (citation omitted), but that's just a dysphemism for urging the Court to affirm, which the rules expressly contemplate, *see* Fed. R. App. P. 29(a)(3)(B), (4), and which amici do all the time. *See, e.g., Monahan v. U.S. Dep't of Interior*, No. 05-8068, 2007 WL 2993577, at *3 (10th Cir. Oct. 15, 2007) (amicus urging

[2] That case concerned a bizarre situation in which the District Court let the amicus actually *litigate* the case (filing motions, etc.), which is not permitted—but nothing like that is happening here. As *Wyatt ex. rel. Rawlins v. Hanan*, 868 F. Supp. 1356, 1358 (M.D. Ala. 1994), explained, the purported amici in *Michigan* were acting like a "named party/real party in interest." While that isn't allowed, an amicus "may still be adversarial; indeed, it must if it is to make its point." *Id*. That's what's happening here.

affirmance); *Yuk v. Ashcroft*, 355 F.3d 1222, 1230 (10th Cir. 2004) (same); *Garcia v. Silbert*, 141 F.3d 1415, 1417 n.2 (10th Cir. 1998) (same); *see also In re Grand Jury Proc.*, 727 F.2d 941, 942 (10th Cir. 1984) (amicus urging reversal); *United States v. Vanderwerff*, 788 F.3d 1266, 1267 (10th Cir. 2015) (same); *Bradford v. Plains Cotton Co-op. Ass'n*, 539 F.2d 1249 (10th Cir. 1976) (same).

Second, the City complains that the examples of murals and other artworks included in the proposed amicus brief are "not in the record." City's Resp. at 8. This is true, but irrelevant, because the Court can take judicial notice of these artworks under Fed. R. Evid. 201(b), and amici hereby request that the Court do so.

The many murals that Salina considers exempt from the sign ordinance can be found at https://www.boomsalina.art/. Other historical artworks referenced in the brief can be found at the sources cited therein. Courts often consider artworks without requiring that they be in the record. *See, e.g., Bond v. United States*, 572 U.S. 844, 847 (2014) (referencing John Singer Sargent's *Gassed*); *Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508, 583-90 (2023) (Kagan, J., dissenting) (citing works by Shakespeare, Nabokov, Robert Louis Stevenson, W. C. Handy, Chuck Berry, Eric Clapton, Stravinsky, Giorgione, Titian, Manet, Rauschenberg, Velazquez, Bacon, and many others).

Third, the City claims that the proposed brief "attempts to convince this Court to decide a commercial speech case that is not before it." City's Resp. at 9.

That is not true. The brief argues that the commercial speech doctrine *is not* applicable, and explains why. So, in fact, the brief asks the Court to *not* decide a commercial speech case.[3]

Next, the City objects that amici do not have "objective insight with regard to sign regulations," and "[do] not have any greater or different interest in the real-world, industry, or regulatory implications of Salina's definition of the term 'sign' than the Cozy Inn does." *Id*. This is self-contradictory. The fact that amici do not have a more parochial interest in the sign code is, in fact, evidence that amici's perspective is objective, and not affected by any particular commercial or economic motive. Amici are organizations that focus on constitutional liberty for its own sake—including the freedom of speech that the City is violating. That is certainly objective enough under the standards of *Neonatology Assocs.*, *Michigan*, and other cases cited above.

The City also objects that there's no reason to think Appellees' counsel are incompetent. City Resp. at 9. That's certainly true, but, again, that's not required. "[D]enying motions for leave to file an amicus brief whenever the party supported is adequately represented would in some instances deprive the court of valuable assistance. Moreover, requiring a prospective amicus to undertake the distasteful

[3] Speech with a commercial motive is not necessarily "commercial speech," as the amicus brief explains.

task of showing that the attorney for the party that the amicus wishes to support is incompetent is likely to discourage amici in instances in which the party's brief is less than ideal and an amicus submission would be valuable to the court." *Neonatology Assocs*., 293 F.3d at 132.

Finally, the City complains that the proposed brief will "effectively expand the argument in favor of Appellees' position by about 37 percent." City Resp. at 10. But the City already has a right to respond separately to each amicus brief, and it can also move for leave to exceed the page limitations if it needs more room.

The triviality and logical inconsistency of the City's complaints—and the fact that they filed the same meritless objections to all the amicus briefs—shows that the City really just disagrees with amici's arguments. It has the right to do so—but should do it in merits briefing, not an objection to the filing of an amicus brief.

## CONCLUSION

The amici's motion for leave to file brief should be granted.

**RESPECTFULLY SUBMITTED** this 9th day of April 2026 by:

Ilya Shapiro
Trevor Burrus
MANHATTAN INSTITUTE
52 Vanderbilt Ave.
New York, NY 10017
(212) 599-7000
ishapiro@manhattan.institute.org

/s/ *Timothy Sandefur*
Timothy Sandefur
Scharf-Norton Center for
Constitutional Litigation at the
GOLDWATER INSTITUTE
500 E. Coronado Rd.
Phoenix, Arizona 85004
(602) 462-5000
litigation@goldwaterinstitute.org

*Attorneys for Amici Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April 2026, the foregoing motion was filed and served on all counsel of record via the ECF system.

/s/ *Timothy Sandefur*
Timothy Sandefur