**CASE NO. 25-3225**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**

Cozy Inn, Incorporated,
d/b/a The Cozy Inn, *et al*.

Plaintiffs-Appellees,

v.

City of Salina, Kansas

Defendant-Appellant.

---

On Appeal from the United States District Court
For the District of Kansas
The Honorable Judge Toby Crouse
D.C. No. 6:24-cv-01027-TC

---

**APPELLANT CITY OF SALINA, KANSAS' RESPONSE (OBJECTION) TO MOTION BY ALLIANCE DEFENDING FREEDOM FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF [DOC. 51]**

---

Todd G. Messenger
Amanda C. Jokerst
Lee Katherine Goldstein
Fairfield and Woods, P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202
Tel: (303) 830-2400
Email: tmessenger@fwlaw.com
ajokerst@fwlaw.com
lgoldstein@fwlaw.com
*Attorneys for Defendant-Appellant*
*City of Salina, Kansas*

Respectfully submitted,
April 8, 2026

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... 3

INTRODUCTION .......... 4

LEGAL STANDARDS .......... 4

ANALYSIS .......... 6

I. ADF Is a Friend of Appellees' Counsel, Not the Court. .......... 6

II. The ADF Brief Does Not Illuminate the Contours of the Parties' Respective Positions or Explicate the Real-World, Industry and Regulatory Implications of the Legal Issues Before the Court. .......... 6

III. To the Extent That It May Be Germane to the Court's Determination of the Issue, Appellees Are Represented By Competent Counsel and ADF Has Not Indicated That Its Interest In Some Other Specific Case May Be Affected by the Outcome of This Case. .......... 7

CONCLUSION .......... 8

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS .......... 10

CERTIFICATE OF SERVICE .......... 11

CERTIFICATE OF DIGITAL SUBMISSION .......... 13

# TABLE OF AUTHORITIES

## Cases

*Animal Legal Def. Fund v. Kelly*,
9 F.4th 1219 (10th Cir. 2021) ........ 5, 6

*Rio Grande Found. v. Oliver*,
154 F.4th 1213 (10th Cir. 2025) ........ 6

*Ryan v. Commodity Futures Trading Comm'n*,
125 F.3d 1062 (7th Cir. 1997) ........ 5, 6, 7

*U.S. v. State of Mich.*,
940 F.2d 143 (6th Cir. 1991) ........ 5

*United States v. Ackerman*,
831 F.3d 1292 (10th Cir. 2016) ........ 5

## Rules of Procedure

Fed. R. App. P. 29 ........ 4

Fed. R. App. P. 32(a) ........ 10

## INTRODUCTION

Appellant, City of Salina, Kansas ("Salina") submits this Opposition to Motion by Alliance Defending Freedom for Leave to File an *Amicus Curiae* Brief [Doc. 51] ("ADF Motion"). Appellee's Opening Brief, currently pending before this Court, turns on the application of intermediate scrutiny to the text of Salina's definition of "sign," upon which its sign code turns, and a nuanced application of prior restraint doctrine as-applied to novel facts.

The central issue of this case is whether Salina's Sign Code may constitutionally differentiate between outdoor displays that are "used to announce, direct attention to, or advertise" from those that do not, such that the Sign Code applies to the former but not the latter. The District Court Order held that Salina's definition of "sign" was "unlawful" and facially unconstitutional. Salina appeals the District Court Order to this Court to vindicate the *actual text* of its definition.

The ADF Motion should be denied because ADF's proposed *amicus* brief ("ADF Brief") simply amplifies Appellees' legal arguments, offers no unique information or perspective that has not or could not have been raised by Appellees themselves, and unfairly prejudices Salina.

## LEGAL STANDARDS

Fed. R. App. P. 29(a)(2) allows an *amicus curiae* to file "only by leave of the court or if the brief states that all parties have consented to its filing." Salina did not

consent. Therefore leave of court is required. There is no established framework in the Tenth Circuit for the exercise of the Court's discretion in this regard. However, this Court has observed that "ours is a party-directed adversarial system and we normally limit ourselves to the arguments the parties before us choose to present." *United States v. Ackerman*, 831 F.3d 1292, 1299 (10th Cir. 2016). This Court "disfavors amicus briefs 'presenting arguments forgone by the parties themselves or effectively and unilaterally expanding the word limits established by rule for a favored party.'" *Animal Legal Def. Fund v. Kelly*, 9 F.4th 1219, 1226 n.6 (10th Cir. 2021) ("*Kelly*") (citing *Ackerman*, 831 F.3d at 1299).

The policy expressed in *Kelly* is very much like the one articulated by the Seventh Circuit:

> The vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed. They are an abuse."

*Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997).[1] Put another way, an *amicus* is to be a friend of the court, not a friend of a party. *Id.* at 1063; *U.S. v. State of Mich.*, 940 F.2d 143, 164-65 (6th Cir. 1991).

[1] To the extent that it may be helpful to the Court, the *Ryan* case established a three-part analytical framework for deciding whether to allow an *amicus* brief: (1) where a party is not represented competently by counsel, or not represented at all; (2) when the amicus has an interest in some other case that may be affected by the decision in the present case; or (3) when the amicus has unique information or perspective that

Fed. R. App. P. 29(a)(3)(B) requires the matters asserted in an amicus brief to be relevant to the disposition of the case. *See Rio Grande Found. v. Oliver*, 154 F.4th 1213, 1230 n. 12 (10th Cir. 2025). The Court will consider *amicus* briefs if they "illuminate the contours of the parties' respective positions or explicate the real-world, industry and regulatory implications of the legal issues before [the Court]." *Kelly*, 9 F.4th at 1226 n.6 (10th Cir. 2021).

## ANALYSIS

### I. ADF Is a Friend of Appellees' Counsel, Not the Court.

ADF is a friend of Appellees' counsel, Kansas Justice Institute ("KJI"), not a "friend of the Court." Based on the ADF Motion, ADF and KJI have a substantially similar mission: litigating cases in the interest of limiting government power. ADF represents that it is "a public-interest law firm dedicated to defending . . . free speech." [Doc. 51 at 3]. KJI already serves that role in this case.

### II. The ADF Brief Does Not Illuminate the Contours of the Parties' Respective Positions or Explicate the Real-World, Industry and Regulatory Implications of the Legal Issues Before the Court.

The amicus brief offered by ADF does not "illuminate the contours of the parties' respective positions or explicate the real-world, industry and regulatory

can help the court beyond the help that the lawyers for the parties are able to provide. *Ryan*, 125 F.3d at 1063.

implications of the legal issues before [the Court]."[2] Instead, it simply amplifies Appellees' Response Brief, by expanding the echo chamber for its arguments about strict scrutiny, which are already expansive. There is no airspace between the ADF Brief and the Response Brief in terms of legal argument. As such, the ADF Brief simply extends the length of the Appellees' Response Brief.

Despite the ADF Motion's representations regarding the breadth of ADF's experience, the ADF Brief does not explicate any "real-world, industry and regulatory implications of the legal issues" that are actually before this Court. There is no indication that ADF has objective insight with regard to sign regulations. Indeed, it does not have any greater or different interest in the real-world, industry, or regulatory implications of Salina's definition of the term "sign" than the Cozy Inn does. [Doc. 32 at 2].

## III. To the Extent That It May Be Germane to the Court's Determination of the Issue, Appellees Are Represented By Competent Counsel and ADF Has Not Indicated That Its Interest In Some Other Specific Case May Be Affected by the Outcome of This Case.

If this Court were to apply the *Ryan* test (see n. 1, supra), it would find that there is no contention that counsel for Appellees are incompetent. Moreover, ADF

[2] This criterion is much like the third criterion in the *Ryan* test articulated in n.1, supra.

has not presented any information to the Court that it has interests in some other specific case that may be affected by the outcome of this case.

ADF does not provide this Court with an unbiased account of the law. It is clear from the strategic alignment demonstrated in subsection III.A, *supra*, and the analysis in subsection III.B., *supra*, that ADF is an advocate of Appellees, not a friend of the Court. As such, ADF is precisely the type of *amicus* whose opinion provides no assistance to this Court. Where an *amicus* brief does not assist the Court, it does little more than extend the length of the allied party's brief.

The ADF Brief would place Salina at a clear disadvantage. According to its certificate of compliance, the Response Brief contains 12,949 words. If the ADF Motion is granted, Appellees will essentially be given multiple bites at the apple. According to its certificate of compliance, the ADF brief contains 3,125 words. The admission of this additional brief would effectively expand the argument in favor of Appellees' position by about 24 percent. Salina would be unfairly prejudiced if the ADF Motion is granted.

## **CONCLUSION**

For the foregoing reasons, Salina respectfully requests that this Court deny the ADF Motion. In the alternative, if the Court grants the ADF Motion, Salina requests an opportunity to respond.

Respectfully submitted this 8th day of April, 2026.

Todd G. Messenger
Name of Counsel

s/ Todd G. Messenger
Signature of Counsel

1801 California St., Ste 2600
Denver, CO 80202
(303) 830-2400
Mailing Address and Telephone Number

tmessenger@fwlaw.com
Email Address

Amanda C. Jokerst
Name of Counsel

s/ Amanda C. Jokerst
Signature of Counsel

1801 California St., Ste 2600
Denver, CO 80202
(303) 830-2400
Mailing Address and Telephone Number

ajokerst@fwlaw.com
E-Mail Address

Lee Katherine Goldstein
Name of Counsel

s/ Lee Katherine Goldstein
Signature of Counsel

1801 California St., Ste 2600
Denver, CO 80202
(303) 830-2400
Mailing Address and Telephone Number

lgoldstein@fwlaw.com
Email Address

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and 10th Cir. R. 32(B), this document contains 1,198 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft® Word for Microsoft 365 in 14-point Times New Roman font.

Fairfield and Woods, P.C.

*s/ Todd Messenger*

Todd G. Messenger
Amanda C. Jokerst
Lee Katherine Goldstein
1801 California Street, Suite 2600
Denver, Colorado 80202
Tel: (303) 830-2400
Email: tmessenger@fwlaw.com
ajokerst@fwlaw.com
lgoldstein@fwlaw.com

*Attorneys for Defendant-Appellant*
*City of Salina, Kansas*

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2026, I electronically filed the foregoing **APPELLANT CITY OF SALINA, KANSAS' RESPONSE (OBJECTION) TO MOTION BY ALLIANCE DEFENDING FREEDOM FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF [DOC. 51]** with the Clerk of the Tenth Circuit Court of Appeals using the CM/ECF system and was served on the following counsel of record for the parties and movants for *amicus curiae* briefs ("Movants") in this case:

Samuel G. MacRoberts, Esq.
Jeffrey Shaw, Esq.
Sam@KansasJusticeInstitute.org
Jeff@KansasJusticeInstitute.org

**MOVANTS:**
Pacific Legal Foundation
Amy Peikoff, Esq.
Jeremy Talcott, Esq.
APeikoff@pacificlegal.org
JTalcott@pacificlegal.org

Goldwater Institute and Manhattan Institute
Timothy Sandefur, Esq.
litigation@goldwaterinstitute.org

Alliance Defending Freedom
John B. Bursch, Esq.
James A. Campbell, Esq.
Christine N. Marsden, Esq.
jbursch@ADFlegal.org
jcampbell@ADFlegal.org
cmarsden@ADFlegal.org

Institute for Justice
Robert Frommer, Esq.
Elizabeth (Betsy) Sanz, Esq.
Riley Grace Borden, Esq.
rfrommer@ij.org
bsanz@ij.org

rgborden@ij.org

Liberty Justice Center
Brendan J. Philbin, Esq.
bphilbin@libertyjusticecenter.org

National Federation of Independent Business, Inc.
J. Michael Connolly, Esq.
Paul R. Draper, Esq.
mike@consovoymccarthy.com
paul@consovoymccarthy.com

Fairfield and Woods, P.C.

*s/ Todd Messenger*
Todd G. Messenger
Amanda C. Jokerst
Lee Katherine Goldstein
1801 California Street, Suite 2600
Denver, Colorado 80202
Tel: (303) 830-2400
Email: tmessenger@fwlaw.com
ajokerst@fwlaw.com
lgoldstein@fwlaw.com

*Attorneys for Defendant-Appellant*
*City of Salina, Kansas*

## CERTIFICATE OF DIGITAL SUBMISSION

**Privacy Redaction Certification:** No privacy redactions were required.

**Paper Copy Certification:** If required to file additional hard copies, that the ECF submission is an exact copy of those documents.

**Virus Scan Certification:** The digital form of this document submitted to the Court was scanned for viruses using SentinelOne, Version 25.1.4.434, and according to the program the document is virus free.

Fairfield and Woods, P.C.

*s/ Todd Messenger*
Todd G. Messenger
Amanda C. Jokerst
Lee Katherine Goldstein
1801 California Street, Suite 2600
Denver, Colorado 80202
Tel: (303) 830-2400
Email: tmessenger@fwlaw.com
ajokerst@fwlaw.com
lgoldstein@fwlaw.com

*Attorneys for Defendant-Appellant*
*City of Salina, Kansas*