**CASE NO. 25-3225**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT**

Cozy Inn, Incorporated,
d/b/a The Cozy Inn, *et al*.

Plaintiffs-Appellees,

v.

City of Salina, Kansas

Defendant-Appellant.

---

On Appeal from the United States District Court
For the District of Kansas
The Honorable Judge Toby Crouse
D.C. No. 6:24-cv-01027-TC

---

# APPELLANT CITY OF SALINA, KANSAS' RESPONSE (OBJECTION) TO MOTION OF NATIONAL FEDERATION OF INDEPENDENT BUSINESS, INC. FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE [DOC. 23]

---

Respectfully submitted,
April 8, 2026

Todd G. Messenger
Amanda C. Jokerst
Lee Katherine Goldstein
Fairfield and Woods, P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202
Tel: (303) 830-2400
Email: tmessenger@fwlaw.com
ajokerst@fwlaw.com
lgoldstein@fwlaw.com
*Attorneys for Defendant-Appellant*
*City of Salina, Kansas*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... 3

INTRODUCTION .......... 4

LEGAL STANDARDS .......... 4

ANALYSIS .......... 6

I. NFIB Is a Friend of Appellees' Counsel, Not the Court. .......... 6

II. The NFIB Brief Does Not Illuminate the Contours of the Parties' Respective Positions or Explicate the Real-World, Industry and Regulatory Implications of the Legal Issues Before the Court. .......... 7

III. To the Extent That It May Be Germane to the Court's Determination of the Issue, Appellees Are Represented By Competent Counsel and NFIB Has Not Indicated That Its Interest In Some Other Specific Case May Be Affected by the Outcome of This Case. .......... 9

CONCLUSION .......... 10

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS .......... 12

CERTIFICATE OF SERVICE .......... 13

CERTIFICATE OF DIGITAL SUBMISSION .......... 15

# TABLE OF AUTHORITIES

## Cases

*Animal Legal Def. Fund v. Kelly*,
9 F.4th 1219 (10th Cir. 2021) .......... 5, 6

*Rio Grande Found. v. Oliver*,
154 F.4th 1213 (10th Cir. 2025) .......... 6

*Ryan v. Commodity Futures Trading Comm'n*,
125 F.3d 1062 (7th Cir. 1997) .......... 5, 6, 7

*U.S. v. State of Mich.*,
940 F.2d 143 (6th Cir. 1991) .......... 5

*United States v. Ackerman*,
831 F.3d 1292 (10th Cir. 2016) .......... 5

## Rules of Procedure

Fed. R. App. P. 29 .......... 4

Fed. R. App. P. 32(a) .......... 12

## INTRODUCTION

Appellant, City of Salina, Kansas ("Salina") submits this Opposition to Motion of National Federation of Independent Business, Inc. for Leave to File Brief As Amicus Curiae [Doc. 23] ("NFIB Motion"). Appellee's Opening Brief, currently pending before this Court, turns on the application of intermediate scrutiny to the text of Salina's definition of "sign," upon which its sign code turns, and a nuanced application of prior restraint doctrine as-applied to novel facts.

The central issue of this case is whether Salina's Sign Code may constitutionally differentiate between outdoor displays that are "used to announce, direct attention to, or advertise" from those that do not, such that the Sign Code applies to the former but not the latter. The District Court Order held that Salina's definition of "sign" was "unlawful" and facially unconstitutional. Salina appeals the District Court Order to this Court to vindicate the *actual text* of its definition.

The NFIB Motion should be denied because NFIB's proposed *amicus* brief ("NFIB Brief") simply amplifies Appellees' legal arguments, offers no unique information or perspective that has not or could not have been raised by Appellees themselves, and unfairly prejudices Salina.

## LEGAL STANDARDS

Fed. R. App. P. 29(a)(2) allows an *amicus curiae* to file "only by leave of the court or if the brief states that all parties have consented to its filing." Salina did not

consent. Therefore leave of court is required. There is no established framework in the Tenth Circuit for the exercise of the Court's discretion in this regard. However, this Court has observed that "ours is a party-directed adversarial system and we normally limit ourselves to the arguments the parties before us choose to present." *United States v. Ackerman*, 831 F.3d 1292, 1299 (10th Cir. 2016). This Court "disfavors amicus briefs 'presenting arguments forgone by the parties themselves or effectively and unilaterally expanding the word limits established by rule for a favored party.'" *Animal Legal Def. Fund v. Kelly*, 9 F.4th 1219, 1226 n.6 (10th Cir. 2021) ("*Kelly*") (citing *Ackerman*, 831 F.3d at 1299).

The policy expressed in *Kelly* is very much like the one articulated by the Seventh Circuit:

> The vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed. They are an abuse."

*Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997).[1] Put another way, an *amicus* is to be a friend of the court, not a friend of a party. *Id.* at 1063; *U.S. v. State of Mich.*, 940 F.2d 143, 164-65 (6th Cir. 1991).

[1] To the extent that it may be helpful to the Court, the *Ryan* case established a three-part analytical framework for deciding whether to allow an *amicus* brief: (1) where a party is not represented competently by counsel, or not represented at all; (2) when the amicus has an interest in some other case that may be affected by the decision in the present case; or (3) when the amicus has unique information or perspective that

Fed. R. App. P. 29(a)(3)(B) requires the matters asserted in an *amicus* brief to be relevant to the disposition of the case. *See Rio Grande Found. v. Oliver*, 154 F.4th 1213, 1230 n. 12 (10th Cir. 2025). The Court will consider *amicus* briefs if they "illuminate the contours of the parties' respective positions or explicate the real-world, industry and regulatory implications of the legal issues before [the Court]." *Kelly*, 9 F.4th at 1226 n.6 (10th Cir. 2021).

## **ANALYSIS**

### **I. NFIB Is a Friend of Appellees' Counsel, Not the Court.**

NFIB is a friend of Appellees' counsel, Kansas Justice Institute ("KJI"), not a "friend of the Court." Based on the NFIB Motion, "NFIB is the nation's leading small business advocacy organization." Doc. 23 at 2. Appellee Cozy Inn is a small business that is adequately represented by KJI, whose interests do not appear to be different from NFIB's members.

What suggests strategic alignment between NFIB and KJI is the mischaracterization of the issue before the Court. First, NFIB's contention in the NFIB Motion, repeated in the NFIB Brief, that "Salina's sign code—which selectively prohibits such expression depending on who creates a mural (*e.g.*, a local business) or what the mural depicts (*e.g.*, a business's product)," is false (the Sign

can help the court beyond the help that the lawyers for the parties are able to provide. *Ryan*, 125 F.3d at 1063.

Code does not *prohibit* any type of sign, it simply regulates the size, location, and number of signs, and the definition of "sign" at issue in this case does not relate to content or speaker in any way) and simply amplifies a strikingly similar argument in Appellees' Response Brief. Doc. 23 at 3. Second, the NFIB Motion's assertion that the District Court found that Salina's Sign Code was "content-based," is also false. Doc. 23 at 2. Consequently, the NFIB Brief serves only to amplify Appellees Response Brief and muddy the otherwise simple case before the Court regarding the facial constitutionality of the text of Salina's definition of "sign."

## II. The NFIB Brief Does Not Illuminate the Contours of the Parties' Respective Positions or Explicate the Real-World, Industry and Regulatory Implications of the Legal Issues Before the Court.

The amicus brief offered by NFIB does not "illuminate the contours of the parties' respective positions or explicate the real-world, industry and regulatory implications of the legal issues before [the Court]."[2] Instead, it amplifies Appellees' Response Brief, specifically its merger of the terms "sign" and "mural," confusing the issue that is actually before the Court.

The NFIB Brief also includes argument about the commercial speech doctrine. Doc. 24 at 9-10; 20-23. Appellees deny that their sign displays "commercial speech." App. Vol. 1, pp. 57, 203; Doc. 21 at 25. Moreover, the

[2] This criterion is much like the third criterion in the *Ryan* test articulated in n.1, supra.

commercial speech arguments were foregone by the Appellees, who have previously represented that they "reserve the right to challenge the [commercial speech] doctrine in its entirety, should it apply to their case." App. Vol. 1, p. 204. The District Court did not apply the commercial speech doctrine, and the Response Brief correctly notes that the commercial speech doctrine was not briefed on appeal. Doc. 21 at 25 n.10.

While Salina agrees wholeheartedly that "Murals are an enduring form of public artwork that reflect a shared local identity, boost the local economy, and improve public safety," the NFIB Brief equates murals that *are not* "used to announce, direct attention to, or advertise" with painted wall signs that *are* "used to announce, direct attention to, or advertise." Doc. 24 at 10. It also misrepresents the application of Salina's actual regulations, which allow signs (which are regulated) and "not signs" ("murals," which are not regulated) to occupy space on the same wall, and which do not allow Salina to "assess artistic worth" in any way. The question is whether a particular outdoor display is "used to announce, direct attention to, or advertise."

The NFIB Brief purports to address the interests of small businesses with respect to their experience with governmental regulations. However, it addresses those interests with regard to a straw man regulatory framework, not the actual text

of the Salina Sign Code. As such, it clouds, rather than illuminates, the underlying issues in this case.

## III. To the Extent That It May Be Germane to the Court's Determination of the Issue, Appellees Are Represented By Competent Counsel and NFIB Has Not Indicated That Its Interest In Some Other Specific Case May Be Affected by the Outcome of This Case.

If this Court were to apply the *Ryan* test (*see* n.1, supra), it would find that there is no contention that counsel for Appellees are incompetent. Moreover, NFIB has not presented any information to the Court that it has interests in some other specific case that may be affected by the outcome of this case.

NFIB does not provide this Court with an unbiased account of the law. As Sections I and II, *supra*, detail, that ADF is an advocate of Appellees, not a friend of the Court. As a friend of Appellees, NFIB sets up a straw man code that prohibits (rather than regulates) certain displays that are "used to announce, direct attention to, or advertise" just like Appellees' Response Brief. Consequently, the NFIB Brief provides no meaningful assistance to this Court. Where an *amicus* brief does not assist the Court, it does little more than extend the length of the allied party's brief.

The NFIB Brief would place Salina at a disadvantage. According to its certificate of compliance, the Response Brief contains 12,949 words. If the NFIB Motion is granted, Appellees will essentially be given multiple bites at the apple. According to its certificate of compliance, the NFIB brief contains 5,288 words. The admission of this additional brief would effectively expand the argument in favor of

Appellees' position by about 41 percent. Salina would be unfairly prejudiced if the NFIB Motion is granted.

## CONCLUSION

For the foregoing reasons, Salina respectfully requests that this Court deny the NFIB Motion. In the alternative, if the Court grants the NFIB Motion, Salina requests an opportunity to respond, as the NFIB Motion confuses the issues in this case and includes references to extensive off-record material for which a response would be justified.

Respectfully submitted this 8th day of April, 2026.

Todd G. Messenger
Name of Counsel

s/ Todd G. Messenger
Signature of Counsel

1801 California St., Ste 2600
Denver, CO 80202
(303) 830-2400
Mailing Address and Telephone Number

tmessenger@fwlaw.com
Email Address

Amanda C. Jokerst
Name of Counsel

s/ Amanda C. Jokerst
Signature of Counsel

1801 California St., Ste 2600
Denver, CO 80202
(303) 830-2400
Mailing Address and Telephone Number

ajokerst@fwlaw.com
E-Mail Address

Lee Katherine Goldstein
Name of Counsel

s/ Lee Katherine Goldstein
Signature of Counsel

1801 California St., Ste 2600

Denver, CO 80202
(303) 830-2400
Mailing Address and Telephone Number

lgoldstein@fwlaw.com
Email Address

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

1. This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and 10th Cir. R. 32(B), this document contains 1,569 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft® Word for Microsoft 365 in 14-point Times New Roman font.

Fairfield and Woods, P.C.

*s/ Todd Messenger*
Todd G. Messenger
Amanda C. Jokerst
Lee Katherine Goldstein
1801 California Street, Suite 2600
Denver, Colorado 80202
Tel: (303) 830-2400
Email: tmessenger@fwlaw.com
ajokerst@fwlaw.com
lgoldstein@fwlaw.com

*Attorneys for Defendant-Appellant City of Salina, Kansas*

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2026, I electronically filed the foregoing **APPELLANT CITY OF SALINA, KANSAS' RESPONSE (OBJECTION) TO MOTION OF NATIONAL FEDERATION OF INDEPENDENT BUSINESS, INC. FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE [DOC. 23]** with the Clerk of the Tenth Circuit Court of Appeals using the CM/ECF system and was served on the following counsel of record for the parties and movants for *amicus curiae* briefs ("Movants") in this case:

Samuel G. MacRoberts, Esq.
Jeffrey Shaw, Esq.
Sam@KansasJusticeInstitute.org
Jeff@KansasJusticeInstitute.org

**MOVANTS:**
Pacific Legal Foundation
Amy Peikoff, Esq.
Jeremy Talcott, Esq.
APeikoff@pacificlegal.org
JTalcott@pacificlegal.org

Goldwater Institute and Manhattan Institute
Timothy Sandefur, Esq.
litigation@goldwaterinstitute.org

Alliance Defending Freedom
John B. Bursch, Esq.
James A. Campbell, Esq.
Christine N. Marsden, Esq.
jbursch@ADFlegal.org
jcampbell@ADFlegal.org
cmarsden@ADFlegal.org

Institute for Justice
Robert Frommer, Esq.
Elizabeth (Betsy) Sanz, Esq.
Riley Grace Borden, Esq.
rfrommer@ij.org
bsanz@ij.org

rgborden@ij.org

Liberty Justice Center
Brendan J. Philbin, Esq.
bphilbin@libertyjusticecenter.org

National Federation of Independent Business, Inc.
J. Michael Connolly, Esq.
Paul R. Draper, Esq.
mike@consovoymccarthy.com
paul@consovoymccarthy.com

Fairfield and Woods, P.C.

*s/ Todd Messenger*
Todd G. Messenger
Amanda C. Jokerst
Lee Katherine Goldstein
1801 California Street, Suite 2600
Denver, Colorado 80202
Tel: (303) 830-2400
Email: tmessenger@fwlaw.com
ajokerst@fwlaw.com
lgoldstein@fwlaw.com

*Attorneys for Defendant-Appellant*
*City of Salina, Kansas*

## CERTIFICATE OF DIGITAL SUBMISSION

**Privacy Redaction Certification:** No privacy redactions were required.

**Paper Copy Certification:** If required to file additional hard copies, that the ECF submission is an exact copy of those documents.

**Virus Scan Certification:** The digital form of this document submitted to the Court was scanned for viruses using SentinelOne, Version 25.1.4.434, and according to the program the document is virus free.

Fairfield and Woods, P.C.

*s/ Todd Messenger*
Todd G. Messenger
Amanda C. Jokerst
Lee Katherine Goldstein
1801 California Street, Suite 2600
Denver, Colorado 80202
Tel: (303) 830-2400
Email: tmessenger@fwlaw.com
ajokerst@fwlaw.com
lgoldstein@fwlaw.com

*Attorneys for Defendant-Appellant*
*City of Salina, Kansas*