KANSAS JUSTICE INSTITUTE

August 21, 2026

Christopher M. Wolpert
Clerk of the Court
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257-1823

Re: Case No. 25-3225
*Cozy Inn, Incorporated, et al. v. City of Salina, Kansas*
Response to Notice of Supplemental Authority

Dear Mr. Wolpert:

Salina's suggestion that *Spiehs v. Morgan*, No. 25-3174, 2026 WL 2091027 (10th Cir. July 21, 2026) has any bearing on this dispute is misguided. In that case, the issue was whether a public library could constitutionally prohibit people from carrying posters inside. As this Court recognized, because that library was *government-owned property* that the *government itself* managed, the library's "limits on expressive activity turn on the nature of the forum." *Id.* at *3. Ultimately, this Court assumed that the library was a designated public forum and upheld the restriction because a *public library is a location* where shushing librarians have *always* policed speech to promote "quiet contemplation" for patrons. *Id.*

But The Cozy's wall is its own. Salina cannot regulate it as though it were one of its *own* libraries. *See Members of the City Council of the City of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 811 (1984) (regulation of speech on government property different than private property). Like below, Salina misunderstands the difference between a government-owned forum and private property. *See* 13 App. 186-187 (where The Cozy refuted Salina's forum argument).

There is nothing in *Spiehs* that justifies Salina's mural-sign distinction. *E.g., Reed v. Town of Gilbert*, 576 U.S. 155, 172 (2015) (government cannot limit one type

of sign while allowing "other types of signs that create the same problem"); *City of Cincinnati v. Discovery Network, Inc.*, 507 U.S. 410, 426 (1993) (rejecting an "in the aggregate" theory virtually identical to Salina's because "all newsracks" present similar harms).

And there is nothing in *Spiehs* that relieves Salina of its evidentiary burdens either. Because Salina failed to prove, among other things, that its recited harms are real, and that its proposed solution directly and materially alleviated those harms, "Salina has not met its burden to demonstrate that its distinction between signs and murals is narrowly tailored to promoting the city's aesthetics, safety, or property values," and therefore the "distinction between murals and signs" is "unconstitutional." 16 App. 70, 79.

Kansas Justice Institute

/s/ Samuel G. MacRoberts
Samuel G. MacRoberts, 22781
Jeffrey S. Shaw, 29767
12980 Metcalf Avenue, Suite 130
Overland Park, Kansas 66213
(913) 213-5018
sam@kansasjusticeinstitute.org
jeff@kansasjusticeinstitute.org

*Counsel of Record for Plaintiffs-Appellees*

Cc: Parties to the case *via* CM/ECF filing.